IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** *Plaintiff,* v. **Love Deals Inc. and Endliss Technology Inc.,** *Defendants.* | Case No. 1:23-cv-00079-RP |

# DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE

Defendants Endliss Technology Inc. ("Endliss") and Love Deals Inc. ("Love Deals") move the Court for an Order dismissing this action against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Defendants lack the requisite minimum contacts with Texas or this District to support this Court's exercise of personal jurisdiction over them. In addition, this action should be dismissed under Fed. R. Civ P. 12(b)(3) and 28 U.S.C. § 1406(a) as venue is improper in this District. Alternatively, Defendants request a transfer of this action to the Northern District of California under either 28 U.S.C. § 1406(a) or 1 § 404(a).

## BACKGROUND

Plaintiff's Complaint asserts trade dress infringement, dilution, and false designation of origin claims against Endliss and Love Deals under the Lanham Act. Plaintiff asserts that Endliss and Love Deals have infringed its trade dress in certain 20- and 30- ounce tumblers ("Accused Tumblers").

Dismissal for lack of personal jurisdiction is governed by Fed. R. Civ. P 12(b)(2). As Defendants are challenging jurisdiction, Yeti, as plaintiff, bears the burden of establishing that

personal jurisdiction is proper. *Monkton Ins. Svcs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). Personal jurisdiction must be established as to each defendant even if the corporations are related. *Freudensprung v. Offshore Tech. Svcs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004).

At the Fed. R. Civ. P. 12(b)(2) stage, with no evidentiary hearing, the Court applies the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Factual allegations are required to raise entitlement to relief above the level of mere speculation. *Diagnostic Affiliates of N.E. Hou, LLC v. Aetna, Inc.*, 2023 U.S. Dist. LEXIS 21817 at *6, ___ F. Supp. 3d ___ (S.D. Tex., Feb. 1, 2023). The Court does not accept as true conclusory factual allegations, unwarranted factual inferences, or legal conclusions. *Id*.

As a matter of due process, courts may exercise personal jurisdiction over a nonresident defendant only if (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction does not offend the traditional notions of fair play and substantial justice. *Admar Int'l, Inc. v. Eastrock, LLC*, 18 F.4th 783, 786 (5th Cir. 2021). Jurisdiction may be general or specific. *Id*. General jurisdiction exists when a nonresident defendant's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Id*. Specific jurisdiction exists when a defendant's contacts with the forum state arise from or are directly related to the cause of action. *Id*.

Establishing general jurisdiction is difficult and requires extensive contacts between a defendant and a forum. *Sangha v. Navig8 Shipmanagement Private Ltd.,* 882 F.3d 96, 101-2 (5th Cir. 2018). Vague and overgeneralized assertions that give no indication as to the extent, frequency, or duration of contacts are insufficient to support jurisdiction. *Johnston v. Multidata*

*Sys. Int'l Corp*, 523 F.3d 602, 609 (5th Cir. 2008); *Allchem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 786 (S.D. Tex. 2012).

The Court evaluates specific jurisdiction using a three-step test. *Admar*, 18 F.4th at 786. First, the plaintiff must demonstrate that the defendant has minimum contacts with the forum state – meaning that the defendant purposely directed his activities at the forum state and availed himself of the privilege of doing business in that state. *Id*. Second, the plaintiff must demonstrate that the causes of action asserted against the defendant arise from the defendant's contacts with the forum state. *Id*. Third, after the plaintiff establishes the first two requirements, the burden shifts to the defendant to prove that maintaining a lawsuit in the forum state would be either unfair or unreasonable. *Id*. As shown below, this Court lacks either general or specific personal jurisdiction over either Endliss or Love Deals.

## **THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANTS**

<u>The Court Lacks General or Specific Personal Jurisdiction over Endliss</u>

The Complaint alleges not a single fact showing that any part of the events giving rise to their trade dress-related causes of action occurred in Texas or this District. With respect to Endliss, Plaintiff makes the following jurisdictional allegations:

> 5. On information and belief, Endliss is a California corporation having a place of business at 30773 Wiegman Road, Hayward, CA 94544.
>
> 6. On information and belief, Endliss has an assigned Texas taxpayer number of 32075857162.

According to the Texas online records, Endliss does not have Texas taxpayer number 32075857162 (Declaration of Sen Cai ¶14, attached as **Exhibit A**). Endliss does not have a Texas taxpayer number (Cai Dec. at ¶14). In any event, the mere registration to do business in Texas is insufficient to establish personal jurisdiction. *Leonard v. USA Petroleum Corp.*, 829 F. Supp. 882, 889 (S.D.

Tex. 1993); *iMed Tech., Inc. v. Teleflex, Inc.*, 2020 U.S. Dist. LEXIS 78357 at *10-11 (N.D. Tex., Apr. 13, 2020); *Diagnostic*, at *9, 11-12 (appointment of an agent for service of process and registration to do business in Texas, without more, does not satisfy the criteria for the exercise of general personal jurisdiction; registering to do business is not equivalent to actually doing business in Texas or purposeful availment). Moreover, Plaintiff's claims do not arise out of the Defendants' registration to do business. Thus, no specific jurisdiction arises from such registration. *Diagnostic*, at *9.

> Plaintiff also alleges:
>
> 7. On information and belief, Endliss and Love Deals are related corporate entities.
>
> 8. On information and belief, both Endliss and Love Deals have a place of business or address at 30773 Wiegman Rd, Hayward, CA 94544.
>
> 9. On information and belief, Endliss and Love Deals have or have previously had a common registered agent, including, as an example, Weiguang Huang.
>
> 10. On information and belief, Love Deals and Endliss have or have previously had at least one common officer, including, as an example, Sen Cai.

Endliss having a place of business in California does not establish any systematic or continuous contacts to warrant general jurisdiction in Texas or this District. Neither does having a common registered agent, or common officers, nor does Endliss and Love Deals merely being related companies establish such contacts.

> Plaintiff has further alleged:
>
> 13. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are purposefully and intentionally availing themselves of the privileges of doing business in the State of Texas, including in this District.

This allegation is conclusory and therefore does not support personal jurisdiction over either Endliss or Love Deals. *Johnston*, 523 F.3d at 609.

4

The Complaint contains in ¶14 a summary of allegations purporting to confer personal jurisdiction over Defendants, addressed in turn below:

> 14. Among other things, (i) on information and belief, Love Deals has an assigned Texas taxpayer number of 32064830683, Endliss has an assigned Texas taxpayer number of 32075857162, and at least Love Deals has an "Active" "Right to Transact Business in Texas" and has a Registered Agent with a Registered Office at 815 Brazos St., Suite 500, Austin, TX 78701.

As shown above, Endliss does not have a Texas taxpayer number, and in any event, merely obtaining a taxpayer number and registering to do business in Texas does not subject Endliss to general jurisdiction in Texas.

> (ii) Defendants have advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, Infringing Drinkware to customers and/or potential customers, in the State of Texas and in this District and elsewhere, at least through Defendants' websites and internet storefronts, (iii) Defendants' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District.

The allegations of 14(ii) and (iii) are conclusory and do not support general or specific personal jurisdiction over Endliss. As described in the Sen Cai Declaration, Endliss is a California Corporation (Cai Dec. at ¶4). Endliss is located at 30773 Weigman Road, Hayward, California 94544 (Cai Dec. at ¶5). Endliss has no offices in Texas (Cai Dec. at ¶6). Endliss has no sales representatives or agents in Texas (Cai Dec. at ¶7). Endliss has no employees in Texas (Cai Dec. at ¶8). Endliss holds no real property in Texas (Cai Dec. at ¶9). Endliss maintains no bank accounts in Texas (Cai Dec. at ¶10). Endliss has no physical business presence in Texas (Cai Dec. at ¶11).

Moreover, Endliss' marketing and sales of the Accused Tumblers occurs solely through Endliss' Atlin Sports storefront on Amazon.com. Endliss has not sold products, including the Accused Tumblers, to Texas retailers for resale in Texas (Cai Dec. at ¶13). Endliss does not sell

any products of any kind, including the Accused Tumblers, directly to customers in the state of Texas (Cai Dec. at ¶15). Endliss operates the Atlin Sport website at Atlin Sport, https://www.atlinsport.com (Cai Dec. at ¶16). Endliss advertises but does not sell the Accused Tumblers through its website, www.endlisstech.com (Cai Dec. at ¶17). Endliss only sells the Accused Tumblers through Atlin Sport through Amazon.com (Cai Dec. at ¶18). The Atlin Sport website refers purchasers to Amazon.com storefronts to purchase the Accused Tumblers (Cai Dec. at ¶18). Endliss sells the Accused Tumblers through Atlin Sport only through "Fulfillment by Amazon" or "FBA" (Cai Dec. at ¶19). Endliss ships the Accused Tumblers that are sold via FBA to an Amazon warehouse located in Ontario, California (Cai Dec. at ¶20). Endliss has no control over where Amazon ships the Accused Tumblers (Cai Dec. at ¶21).

The advertising and sale of products on websites or Amazon storefronts is not sufficient to establish general jurisdiction. *Admar*, 18 F.4th at (accused products were available on defendant's website, Amazon.com, Target.com, and buybuybaby.com; defendant does not have sufficient minimum contacts with forum state just because its website is accessible there; defendant must also target the forum state by purposefully availing itself of the opportunity to do business in that state). In *Viahart LLC v. Arkview LLC*, 2020 U.S. Dist. LEXIS 151205 (E.D. Tex., Aug. 20, 2020), the court found that the defendants' sales under Amazon's FBA program did not subject it to personal jurisdiction in Texas. The court reasoned that the defendants could not control where Amazon stores their products or the location where any of the other fulfillment services are performed. *Id*. at *14. The fact that Amazon possesses the capacity to fulfill and ship orders to any of the fifty states undermines the idea that the defendants use of Amazon's services is focused in any meaningful sense on Texas. *Id*. Thus, their use of Amazon's services could not establish jurisdiction. *Id*. The court found that use of Amazon's FBA services was not a sufficiently

intentional contact with Texas. *Id*. at *15-16. Sales of product to Texas residents using Amazon's platform was nothing more than a fortuitous result of that platform's global presence. *Id*. at *16. The defendants' maintenance of their own presence on the Amazon platform, which took place outside Texas and was not intentionally targeted toward Texas was insufficient to confer jurisdiction in Texas. *Id*.

Similarly, in *The Naughtys LLC v. Does 1-580*, 2022 U.S. Dist. LEXIS 47721 at *22 (N.D. Tex., Mar. 3, 2022), the court found that it lacked specific personal jurisdiction over a defendant who sold products via the Amazon marketplace as those products were not targeted toward Texas residents. The defendant promoted and offered allegedly infringing products on Amazon.com. *Id*. *See also*, *Competitive Golf Advantage LLC v. Elite Golf Tech., LLC*, 2022 U.S. Dist. LEXIS 121 at *11-12 (S.D. Tex., Jan. 3, 2022) (that statements available or accessible on internet to Texas residents does not establish minimum contacts without additional allegations or evidence connecting those statements to Texas); *Larocca v. Invasix, Inc*, 2023 U.S. Dist. LEXIS 37679 at *10 (S.D. Tex., Mar. 7, 2023) (website not directed to Texas in particular, not the type of contact to support jurisdiction; *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320-1 (5th Cir. 2021) (that Texans visited defendants' website only reflects defendants' universal accessibility, not purposeful availment of Texas; accessibility alone cannot sustain jurisdiction, otherwise lack of personal jurisdiction would be no defense at all; making a website that's visible in Texas does not suffice; complaint contains no allegations that Defendants reached beyond the site to attract Texans to it; instead, those visits reflected the unilateral activity of persons in Texas). Similarly, Texans' visiting the Amazon website to find the Accused Products unilaterally do so without any specific targeting of Texans by Endliss.

7

(iv) Defendants' customers and/or potential customers reside in the State of Texas, including in this District, (v) Defendants' actions are causing confusion and dilution in the State of Texas, including in this District; and (vi) on information and belief, Defendants acted with knowledge that their unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District.

That potential customers reside in Texas or this District is irrelevant to whether Defendants have purposely availed themselves of the protections of Texas laws. In addition, merely stating that Defendant has customers in Texas is irrelevant where Endliss does not directly ship any product into Texas to any customer, but rather only sells through FBA or "Fulfillment by Amazon." Plaintiff's conclusory statement that Endliss acted with knowledge does not permit the exercise of personal jurisdiction. In addition, that Plaintiff may suffer injuries in Texas, its home, is irrelevant. *Brainstorm XX, LLC v. Wierman*, 2022 U.S. Dist. LEXIS 171772 at *14 (E.D. Tex., Sep. 22, 2022); *Maverick Whiskey, LLC v. Brewery on Half Moon Bay, Inc.*, 2019 U.S. Dist. LEXIS 195705 at *25 (W.D. Tex., Nov. 12, 2019) (the court should not credit plaintiff's argument that defendant's allegedly willful trademark infringement itself caused injury in Texas and therefore is sufficient to create specific personal jurisdiction).

Lastly, Plaintiff alleges:

27. On information and belief, Defendants have directly or indirectly advertised, promoted, offered to sell, sold, distributed, manufactured, and/or imported Infringing Drinkware, including at least through a variety of websites, internet storefronts, and social media.

This allegation, made on information and belief, is general and conclusory and does not establish personal jurisdiction over either Defendant in Texas. Also, as shown above, using the Amazon platform to sell the Accused Tumblers does not subject Endliss to jurisdiction in Texas. Plaintiff's general, unsupported, and conclusory allegations do not rise to the level of continuous and systematic contacts of Endliss with Texas to support jurisdiction.

The Court lacks General or Specific Personal Jurisdiction over Love Deals

With respect to Love Deals, Plaintiff makes the following jurisdictional allegations very similar to those made with respect to Endliss:

2. On information and belief, Love Deals is a California corporation having a place of business at 34972 Newark Blvd, Suite 160, Newark, CA 94560.

3. On information and belief, Love Deals has an "Active" "Right to Transact Business in Texas," and a Registered Agent with a Registered Office at 815 Brazos St., Suite 500, Austin, TX 78701.

4. On information and belief, Love Deals has an assigned Texas taxpayer number of 32064830683.

\* \* \*

7. On information and belief, Endliss and Love Deals are related corporate entities.

8. On information and belief, both Endliss and Love Deals have a place of business or address at 30773 Wiegman Rd, Hayward, CA 94544.

9. On information and belief, Endliss and Love Deals have or have previously had a common registered agent, including, as an example, Weiguang Huang.

10. On information and belief, Love Deals and Endliss have or have previously had at least one common officer, including, as an example, Sen Cai.

Love Deals having a place of business in California does not establish any systematic or continuous contacts to warrant general jurisdiction in Texas or this District. Neither does having a common registered agent, or common officers, nor does Endliss and Love Deals merely being related companies establish such contacts. In addition, as shown above, the mere registration to do business in Texas is insufficient to establish personal jurisdiction.

Plaintiff alleges:

13. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are purposefully and intentionally availing themselves of the privileges of doing business in the State of Texas, including in this District.

This allegation is conclusory and therefore does not support personal jurisdiction over Love Deals.

Plaintiff also alleges in summary fashion:

14. Among other things, (i) on information and belief, Love Deals has an assigned Texas taxpayer number of 32064830683, Endliss has an assigned Texas taxpayer number of 32075857162, and at least Love Deals has an "Active" "Right to Transact Business in Texas" and has a Registered Agent with a Registered Office at 815 Brazos St., Suite 500, Austin, TX 78701.

As shown above with respect to Endliss, obtaining a taxpayer number and registering to do business in Texas does not establish general jurisdiction.

(ii) Defendants have advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, Infringing Drinkware to customers and/or potential customers, in the State of Texas and in this District and elsewhere, at least through Defendants' websites and internet storefronts, (iii) Defendants' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District.

The allegations of 14(ii) and (iii) are conclusory and do not support general or specific personal jurisdiction over Love Deals. Love Deals is a sister company of Endliss (Cai Dec. at ¶24). Love Deals is California Corporation (Cai Dec. at ¶25). Love Deals is located at 34972 Newark Boulevard, Suite 160, Newark, California 94560 (Cai Dec. at ¶26). Love Deals has no offices in Texas (Cai Dec. at ¶27). Love Deals has no sales representatives or other agents in Texas (Cai Dec. at ¶28). Love Deals has no employees in Texas (Cai Dec. at ¶29). Love Deals holds no real property in Texas (Cai Dec. at ¶30). Love Deals maintains no bank accounts in Texas (Cai Dec. at ¶31). Love Deals has no physical business presence in Texas (Cai Dec. at ¶32).

In addition, Love Deals simply does not advertise or sell the Accused Tumblers (Cai Dec. at ¶33). Love Deals has not sold products, including the Accused Tumblers, to Texas retailers for resale in Texas (Cai Dec. at ¶34). Love Deals does not sell the Accused Tumblers to customers in the state of Texas (Cai Dec. at ¶35). Moreover, as shown above with respect to Endliss, even if this allegation were true as to Love Deals, the advertising and sale of the Accused Tumblers on websites such as Amazon.com does not establish personal jurisdiction. As shown above, that the Plaintiff may suffer injuries in Texas is irrelevant.

> (iv) Defendants' customers and/or potential customers reside in the State of Texas, including in this District,

That potential customers reside in Texas or this District is irrelevant to whether Defendants have purposely availed themselves of the protections of Texas laws. In addition, merely stating that Defendant has customers in Texas is irrelevant where Love Deals does not sell the Accused Tumblers in Texas to any customer.

> (v) Defendants' actions are causing confusion and dilution in the State of Texas, including in this District; and (vi) on information and belief, Defendants acted with knowledge that their unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District.

Plaintiff's allegations, one made on information and belief, are conclusory and irrelevant as where an injury is felt is irrelevant to jurisdiction and does not establish purposeful availment.

> 27. On information and belief, Defendants have directly or indirectly advertised, promoted, offered to sell, sold, distributed, manufactured, and/or imported Infringing Drinkware, including at least through a variety of websites, internet storefronts, and social media.

This allegation, made on information and belief, is general and conclusory and, as shown above, does not establish personal jurisdiction over either Defendant. Moreover, the advertising and sale of products on websites or Amazon storefronts is not sufficient to establish general jurisdiction.

Plaintiff's general, unsupported and conclusory allegations do not rise to the level of continuous and systematic contacts of Love Deals with Texas to support jurisdiction.

**THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE UNDER 28 U.S.C. §1406(a)**

Plaintiff asserts only the following with respect to venue:

15. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d).

Title 28 U.S.C. § 1391 provide in relevant part:

(b) Venue in General.—A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(c) Residency.—For all venue purposes—

\* \* \*

(2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business.

Venue is not proper in this District under § 1391(b)(1) because neither Endliss nor Love Deals resides in this District, but rather in California where they are incorporated and have their principal places of business. Venue is also not proper under § 1391(b)(2) because the events giving rise to Plaintiff's intellectual property claims arise not in this District, but if at all, in the Northern District of California, where the Defendants both reside. *JPT Grp., LLC v. Balenciaga & Balenciaga America, Inc.*, 2017 U.S. Dist. LEXIS 19003 at *7 (S.D. Tex., Feb. 10, 2017) (motion to transfer under 28 U.S.C. § 1404(a) granted); *Spiegelberg v. The Collegiate Licensing Co.*, 402

F. Supp. 2d 786, 791-2 (S.D. Tex. 2005) ("courts have observed that intellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the alleged infringer's place of business is often the critical and controlling consideration in adjudicating transfer of venue motions" (citing *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999). Endliss and Love Deals are both residents of the Northern District of California. All of the activities related to their sales of the Accused Tumblers took place in the Norther District of California. Venue is also not proper under § 1391(b)(3) because, as shown above, neither Endliss nor Love Deals is subject to the Court's personal jurisdiction in this District.

Once a defendant challenges venue under Fed. R. Civ. P. 12(b)(3), the plaintiff has the burden of demonstrating that the chosen venue is proper. *Allchem*, 878 F. Supp. 2d at 788. Because Plaintiff has failed to establish that venue is proper in this District, the court must either dismiss the lawsuit or transfer it to a judicial district in which venue is proper under 28 U.S.C. § 1406(a). *Payne v. Grayco Cable Svcs., Inc.*, 2011 U.S. Dist. LEXIS 161506 at *9 (E.D. Tex., Dec. 8, 2011). Title 28 U.S.C. § 1406(a) provides:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As shown above, venue is improper in this District, and the Court should dismiss this action under § 1406(a).

However, in the alternative, Defendants request that the Court transfer the action to the Northern District of California, where under § 1391(a) this action could have been brought. Section 1391(a) sets proper venue in the Northern District of California, the district of Defendants' residence. Venue is also proper there as that is where the alleged trade dress violations took place,

namely at Defendants' places of business.  Venue is further proper there under § 1391(c) as that is the district in which personal jurisdiction is proper over both Defendants.

**THE COURT SHOULD TRANSFER THIS ACTION TO**
**THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

Title 28 U.S.C. § 1404(a) provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The first consideration is whether the action might have been brought in the Northern District of California.  *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312, 315 (5th Cir. 2008).  It could have been because both Defendants are residents of the district.

The movant must show that transfer is for the convenience of the parties and witnesses, and the interest of justice. *Volkswagen*, 545 F.3d at 315.  The Court considers public and private interest factors. *Id.*  The private interest factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.*  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* Although the Supreme Court has given the court some guidance with regard to the factors it should consider, none has dispositive weight, and "they are not necessarily exhaustive or exclusive." *Id.*

With respect to the first private interest factor, all of the persons at Endliss having knowledge of the sales and marketing of the Accused Tumblers are in the Northern District of

California (Cai Dec. at ¶22). In addition, all of the documents are located at Endliss's place of business in the Northern District (Cai Dec. at ¶23).

The second factor regarding the availability of compulsory process to secure witness attendance is neutral. The third factor regarding the cost of attendance for willing witnesses

The fourth factor of practical problems that make trial of a case, easy, expeditious and inexpensive favors California because this case is just getting started as Defendants have yet to answer.

As to the first public interest factor, the court congestion is neutral as both Texas and California federal courts are busy. As to the local interest in having localized interests decided at home, this factor is neutral as each state has an interest in resolving disputes involving its citizens. The familiarity of the forum with the governing law is neutral as Plaintiff has asserted federal claims under the Lanham Act – law which either Texas or California federal courts are familiar. Similarly, the fourth factor regarding conflict of law issues is not applicable.

The interest of justice militates in favor of transfer because as shown above, Plaintiff has not shown any connection of Defendants or their allegedly infringing activities to Texas. Thus, the final factor regarding Plaintiff's choice of forum is, therefore, irrelevant as this District is simply the wrong forum.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that their Motion be granted and this action dismiss for lack of personal jurisdiction. Alternatively, this action should be transferred to the Northern District of California.

Date: April 21, 2023.                                       Respectfully submitted,

                                                            */s/ Steven J. Wingard*
                                                            Steven J. Wingard

Texas Bar No. 00788694
swingard@scottdoug.com
SCOTT, DOUGLASS &
MCCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300—Telephone
(512) 495-6399—Facsimile

*Counsel for Defendants Endliss Technology Inc. and Love Deals Inc.*

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this April 21, 2023. Any other counsel of record will be served by electronic mail and/or certified mail.

*/s/ Steven J. Wingard*
Steven J. Wingard